By the Court:
In the former ease Meyer was found guilty in Summit county of selling adulterated and impure wine, and a fine of $600 was imposed by the justice of the peace before whom the verdict was found. On the trial it was shown that the accused was at the time of making the contract of sale in Summit county, a traveling salesman for a dealer in Pitts-burg, and that he sent to such dealer an order to send to the purchaser the goods sold.
In the second case Bissman was tried before the mayor of Kenton and a jury in Hardin county, on .the charge of offering for sale and selling in that county an article known as “Ohio Valley Ketchup,” which contained salicylic acid an article injurious to health. On the trial evidence was introduced to show that the accused was manager of the Bissman company, a mercantile corporation engaged in the wholesale grocery business at Mansfield, in Richland county, and that the sale of the adulterated article was made through a traveling salesman of the company who made the contract of sale at Kenton, and ordered the goods shipped by the company from Mansfield to the purchaser at Kenton. The jury were instructed that if the accused, as manager of the corporation, sent an agent from Richland county to Hardin to sell the article of food in question, and it was so sold, the defendant was liable as *244 though he had been personally present making the sale, and was triable in Hardin county.. The accused excepted to the charge. After the verdict of guilty a fine of $100 was imposed.
.Both judgments were affirmed by the common pleas and circuit courts of the respective counties.
The statutory provisions governing these cases (RevisedStatutes, section8805, etseq., section 8841, et seq., Giauque’s 7th E.) do not exempt any one who sells or offers to sell the articles prohibited, because of his relation to the transaction, whether it is that of agent or principal. As they prohibit both the selling and the offering for sale they do not require or permit the application of technical rules to determine at what point the title passes from the vendor to the purchaser. By their titles and provisions they disclose the purpose of the general-assembly to prevent the sales of the articles described, and to accomplish that purpose by imposing penalties upon all who sell or offer them. The agent is within the terms of the statute because he personally participated in its violation; and the principal is responsible for what he does by another. Any other construction of the statute would afford an easy method for defeating its purpose; and it would extend to those who are likely to know of the adulteration of the article sold immunity from the penalty which is imposed upon others who have not such knowledge.
Other considerations offered in support of the motions are disposed of in State v. Kelly, ante.

The motions are overruled.